## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| **MICROSOFT CORPORATION,** : | |
| : | |
| **Plaintiff** : | |
| : | |
| -v- : | CIVIL ACTION NO. |
| : | |
| JUN YAN a/k/a YAN JUN, an individual; : | 3:10-cv-00162(VLB) |
| JACK LEE, an individual; FANG JIANG a/k/a : | |
| JIANG FANG, an individual; AIMIN SUN a/k/a : | |
| SUN AIMIN, an individual; YAN JIARONG a/k/a : | |
| JIARONG YAN, an individual; GU HANBING : | |
| a/k/a HANBING GU, an individual; JIANG WEN : | |
| YUAN; a/k/a WEN YUAN JIANG, an individual; : | |
| YU NI a/k/a NI YU, an individual; JACK DANG, : | |
| an individual; RAPHAEL HUA, an individual; : | |
| XIAO JUN LEE a/k/a LEE HYO-ARMY a/k/a : | |
| a/k/a LI XAOU JUN;, an individual; MARTIN : | |
| WANG, an individual; JIANXIAO BAO a/k/a : | |
| a/k/a BAO JIANXIAO, an individual; LIANG : | |
| DANG a/k/a DANG LIANG, an individual; : | |
| ZICHEN, an unincorporated association; : | |
| TESTINSIDE a/k/a TESTINSIDE LIMITED CO. : | |
| LTD, an unincorporated association; and : | |
| JOHN DOES 17-50, each one and collectively : | |
| d/b/a Testinside, testinside.com, : | |
| testinside.org, testinside.us, testinside.net, : | |
| testinside.co.uk, testinside.ws, : | |
| pass4side.com, pass4side.net, : | |
| certinside.com, certinside.org, certinside.net, : | February 18, 2010 |
| exam4cert.com, exam4cert.biz, : | |
| exam4cert.net, and exam4cert.org : | |
| : | |
| **Defendants.** : | |

_____

**PRELIMINARY INJUNCTION FREEZING THE DEFENDANTS' FINANCIAL ACCOUNTS AND ASSETS**

THIS MATTER comes before the Court upon Plaintiff Microsoft Corporation's ("Microsoft") Amended Complaint and *Ex Parte* Application for (1) a Temporary Restraining Order freezing certain accounts and assets owned or controlled by the Defendants, and (2) an Order requiring Defendants to appear and show cause why those accounts and assets should not remain frozen pending an evidentiary hearing or further action by the Court to determine whether the asset freeze shall remain in effect pending the disposition of this action. [Docs. ##7, 25].  The Court granted Microsoft's *Ex Parte* Application and scheduled a show cause hearing for February 16, 2010. [Docs. ##14, 17, 22].  The hearing was conducted telephonically for the benefit of the parties. [Id.].  The Court granted Microsoft's [Doc. #20] request to provide supplemental service via electronic delivery to address the Defendants' efforts to evade contact and conceal their identities. [Doc. #23].  The Court notes that Microsoft has complied with the Court's service order and has made service by both traditional and supplemental methods.  [Docs. ##24, 26].  The Court held a telephonic show cause hearing on February 16, 2010 at the time and in the manner specified in the Order to Show Cause served on the Defendants as ordered by the Court.  The Defendants failed to participate, but never expressed objection regarding the time or method of conducting the hearing.

At the hearing, Microsoft provided live testimony of Brian Hankard, private investigator with Pinkerton Consulting and Investigations' CyberSurveillance Group, and Peggy Crowley, Anti-Piracy Program Manager for Microsoft

Learning's Certification and Assessments during the relevant time period and currently a senior paralegal for Microsoft.  In his testimony, Hankard detailed his purchase of products relating to "Microsoft SQL Server 2005" that were advertised and sold to him by the Defendants.  Hankard forwarded the items to Microsoft for analysis.  Crowley in turn described her personal examination of the materials purchased by Hankard, and determination that the Defendants' products were identical to various copyrighted Microsoft certification exam questions and answers.  Crowley also explained the extensive efforts that Microsoft and its partner company Prometric Services have taken to protect its copyrighted exam materials.

In addition, Microsoft's [7] Application for Ex Parte Relief asserted the following facts in support of its prayers for relief:  The Microsoft products which are the subject of this order are copyrighted and bear trademarks registered under federal law. [Doc. # 25, para. 16-17].  Microsoft uses technological measures to further secure the rights afforded by the aforementioned laws. [Id., para. 18].  The Defendants are offering, distributing, and selling Microsoft products on the internet infringing upon Microsoft's copyright and trademark via multiple websites under multiple domains and registrants, which the Defendants have changed upon learning that Microsoft discovered their activities [Doc. # 25, para. 20; Doc. # 9, paras. 9-18; Doc. #10, paras. 9-28 ].

Authorized by Federal Rule of Civil Procedure 65(b), a plaintiff is entitled to a preliminary injunction when that party can demonstrate: "(1) irreparable harm in

the absence of the injunction, and (2) either (a) likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor." Random House, Inc. v. Rosetta Books LLC, 283 F.3d 490, (2d Cir. 2002).

The Second Circuit has noted that "generally when a copyright plaintiff makes out a prima facie showing of infringement, irreparable harm may be presumed." Merkos L'Inyonei Chinuch, Inc. v. Otsar Sifrei Lubavitch, Inc., 312 F.3d 94, 96 (2d Cir. 2002) (reviewing a district court's grant of preliminary injunction) (citations omitted). Furthermore, "[t]o prevail on a claim of copyright infringement, the plaintiff must demonstrate both (1) ownership of a valid copyright and (2) infringement of the copyright by the defendant." Yurman Design, Inc. v. PAJ, Inc., 262 F.3d 101, 18-09 (2d Cir. 2001). Similarly, "[i]n trademark disputes, 'a showing of likelihood of confusion establishes both a likelihood of success on the merits and irreparable harm.'" Malletier v. Burlington Coat Factory Warehouse Corp., 426 F.3d 532, 537 (2d Cir. 2005). Where injunctive relief is not afforded under federal law, such relief is afforded by state law. Fed. R. Civ. P. 64(a). Connecticut law affords a prejudgement remedy of attachment of funds sufficient to satisfy a judgment of disgorgement upon a showing that the applicant has established probable cause of prevailing on the merits. Conn. Gen. Stat. § 52-278a et seq.

Upon hearing live testimony and review of the affidavits submitted, Microsoft has provided evidence of the Defendants' continued sale, via multiple

websites, of unauthorized versions of copyrighted "Microsoft" Certification Exam materials, materials that Microsoft advertises and markets under, among other things, its registered Microsoft® marks. [Docs. ## 9-10]. Accordingly, the Plaintiff demonstrates a likelihood of success on the merits and irreparable harm may be presumed by the Plaintiff's showing that the Defendants' activities likely violate federal copyright law and are a use of Microsoft's mark that is likely to cause confusion, cause mistake, or deceive in violation of the Lanham Act. Merkos, 312 F.3d at 96; Malletier, 426 F.3d at 537.

Additionally, the Copyright Act provides a court authority to "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of copyright." 17 U.S.C. § 502. The Lanham Act in turn provides wider authority with regard to the seizure of assets:

> The Lanham Act authorizes the seizure of counterfeit products, but does not specifically authorize the restraint of assets of a defendant in an action arising under the Act. However, because the Lanham Act does give courts the authority to order equitable relief in the form of an accounting of the seller's profits, this Court has the authority to order injunctive relief freezing assets in order to ensure availability of final equitable relief.

Motorola, Inc. v. Abeckaser, 2009 WL 1362833 at *3 (E.D.N.Y, May 14, 2009) (citations omitted) (noting that Lanham Act cases are distinguishable from the Supreme Court's holding in Grupo Mexicano de Desarrollo, S.A. v. Alliance Board Fund, Inc., 527 U.S. 308, 333 (1999), that a district court is not authorized to order injunctive relief to prevent a party from disclosing of its assets pending the adjudication of a contract claim for money damages).

**On the basis of the sum and substance of the sworn allegations and testimony regarding the Defendants' piracy operations, their refusal to cease and desist, their false claims of compliance in response to repeated demands by Microsoft as well as their reactive and defensive use of false contact information and multiple names, DBAs, and email addresses, and their switch to another service provider and employment of "WHOIS protection services" frustrating detection and avoiding compliance with trademark and copyright laws, the Court finds that there is a likelihood that the Defendants will frustrate final equitable relief by secreting or transferring illicit funds and assets beyond the jurisdiction of this Court unless restrained by this Court pending disposition of this matter.**

**Based on its review of the materials submitted, testimony at the February 16, 2010 show cause hearing, and on the foregoing analysis, the Court enacts a preliminary injunction freezing the Defendants' accounts as follows:**

**(1) The Court enacts a preliminary injunction freezing the Defendants' PayPal, and any and all linked or associated accounts, upon finding that Plaintiff Microsoft has carried its burden of showing that the injunction is necessary to prevent irreparable harm, and has further demonstrated likelihood of success on the merits, or, at the very least, sufficiently serious questions going to the merits of the claim, and that the balance of the hardships tips decidedly in its favor.**

**(2) The preliminary injunction is granted pursuant to Federal Rule of Civil Procedure 65, the Court's general equitable power, 15 U.S.C. § 1116(a); 15 U.S.C. § 1117(a); 17 U.S.C. § 502; and 17 U.S.C. § 504(b).**

(3) The Court hereby RESTRAINS AND ENJOINS Defendants, and any persons or entities acting on their behalf, including but not limited to the financial institutions or third parties identified below, from transferring, disposing of, encumbering or secreting any of the following accounts/assets:

(a) Any PayPal or Moneybookers account(s) in the name of, linked to, or otherwise associated with any of the Defendants.

(b) Any PayPal or Moneybookers account(s) in the names of:

I. Testinside, Testinside Limited, Pass4side, Pass4side Limited, Certinside, Certinside Limited, Exam4cert, Exam4cert Limited;

or in the names of, linked to, or otherwise associated with the following websites/domain names:

ii. testinside.com, testinside.org, testinside.us, testinside.net, testinside.co.uk, testinside.ws, pass4side.com, pass4side.net, certinside.com, certinside.org, certinside.net, exam4cert.com, exam4cert.biz, exam4cert.net, and/or exam4cert.org;

or in the name of, linked to, or otherwise associated with the following email addresses:

iii. paypal@testinside.com

iv. billing@testinside.com

v. billing@certinside.com

vi. billing@pass4side.com

> vii. test-inside@hotmail.com;
>
> viii. sales@testinside.com;
>
> ix. support@testinside.com;
>
> x. feedback@testinside.com;
>
> xi. testinside@gmail.com;
>
> xii. braindumps.testinside@gmail.com;
>
> xiii. itcerthiram@yahoo.com; or
>
> xiv. any other email address ending in @testinside.com or @testinside.org, @testinside.us, @testinside.net, @testinside.co.uk, @testinside.ws, @pass4side.com, @pass4side.net, @certinside.com, @certinside.org, @certinside.net, @exam4cert.com, @exam4cert.biz, @exam4cert.net, and/or @exam4cert.org.

(c) Any account(s) with or held by financial institutions located within the United States or which otherwise utilize or affect United States commerce that are owned or controlled by Defendants or which receive or distribute funds from or on behalf of testinside.com, testinside.org, testinside.us, testinside.net, testinside.co.uk, testinside.ws, pass4side.com, pass4side.net, certinside.com, certinside.org, certinside.net, exam4cert.com, exam4cert.biz, exam4cert.net, and/or exam4cert.org.

**(d) Any bank account(s) or other types of accounts linked to, associated with, or receiving deposits from any of the account(s) identified in Paragraphs 3 (a) - (c) of this Order.**

**(4) Microsoft is entitled to request and obtain Defendants' account and identifying information on an expedited basis. Thus, as soon as practical upon service of this Order, the aforementioned financial institutions are directed to identify to Microsoft - by bank name and location, account holder, signatories, and account number - any account(s) that is/are linked to, associated with, or receiving deposits from any of the Papal, Money bookers, and/or other account(s) identified in Paragraph 3 of this Order.**

**(5) Microsoft is entitled to receive information and documents on an expedited basis. Thus, within three (3) business days upon service of this Order, each financial institution shall provide account information in sufficient detail to identify the (a) account holder, (b) address or contact information, and (c) current balance for each account subject to this Order. The required information shall be delivered to counsel for Microsoft. As soon as practical after Defendants have appeared in this action, counsel for Microsoft is directed to serve Defendants with copies of all account information received pursuant to this Order.**

**(6) This Preliminary Injunction shall remain in effect pending the disposition of this action or further order of this Court. Defendants may apply to the Court for dissolution or modification of this Preliminary Injunction on two court days' notice to Microsoft.**

(7) Microsoft has filed proof of bond in the amount of $20,000.00. [Doc. #19].  The bond, absent further order from the Court shall serve as security for all claims with respect to this preliminary injunction.

(8) The Plaintiff shall proceed with the prosecution of this case.

Signed this 18th day of February, 2010, at 1:30 p.m.

_____/s/_____

Hon. Vanessa L. Bryant
United States District Judge