UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **MICROSOFT CORPORATION,** : | |
| : | |
| **Plaintiff** : | |
| : | |
| -v- : | CIVIL ACTION NO. |
| : | |
| JUN YAN a/k/a YAN JUN, an individual; : | 3:10-cv-00162(VLB) |
| JACK LEE, an individual; FANG JIANG a/k/a : | |
| JIANG FANG, an individual; AIMIN SUN a/k/a : | |
| SUN AIMIN, an individual; YAN JIARONG a/k/a : | |
| JIARONG YAN, an individual; GU HANBING : | |
| a/k/a HANBING GU, an individual; JIANG WEN : | |
| YUAN; a/k/a WEN YUAN JIANG, an individual; : | |
| YU NI a/k/a NI YU, an individual; JACK DANG, : | |
| an individual; RAPHAEL HUA, an individual; : | |
| XIAO JUN LEE a/k/a LEE HYO-ARMY a/k/a : | |
| a/k/a LI XAOU JUN;, an individual; MARTIN : | |
| WANG, an individual; JIANXIAO BAO a/k/a : | |
| a/k/a BAO JIANXIAO, an individual; LIANG : | |
| DANG a/k/a DANG LIANG, an individual; : | |
| ZICHEN, an unincorporated association; : | |
| TESTINSIDE a/k/a TESTINSIDE LIMITED CO. : | |
| LTD, an unincorporated association; and : | |
| JOHN DOES 17-50, each one and collectively : | |
| d/b/a Testinside, testinside.com, : | |
| testinside.org, testinside.us, testinside.net, : | |
| testinside.co.uk, testinside.ws, : | |
| pass4side.com, pass4side.net, : | |
| certinside.com, certinside.org, certinside.net, : | February 18, 2010 |
| exam4cert.com, exam4cert.biz, : | |
| exam4cert.net, and exam4cert.org : | |
| : | |
| **Defendants.** : | |

_____

**PRELIMINARY INJUNCTION ENJOINING DISTRIBUTION OF MICROSOFT PRODUCTS AND ENJOINING TRANSFER OF OFFENDING DOMAIN NAME, AND IMPOUNDING MICROSOFT PRODUCTS**

THIS MATTER comes before the Court upon Plaintiff Microsoft

Corporation's ("Microsoft") Amended Complaint and *Ex Parte* Application for (1) a Temporary Restraining Order enjoining the Defendants from distributing copies of Microsoft products or purported Microsoft test preparation materials, (2) a Temporary Impoundment Order directing Defendants to preserve all Microsoft products or purported Microsoft test preparation materials pending an inspection, segregation and eventual impoundment of all infringing property, (3) an Order preventing the Defendants from transferring Defendants' domain names pending the outcome of this litigation, and (4) a Show Cause Order requiring Defendants to appear and show cause why the Temporary Restraining Order and Temporary Impoundment Order should not remain in place pending (a) the inspection and impoundment, and (b) an evidentiary hearing or further action by the Court to determine whether the provisional relief shall remain in effect pending the disposition of this action. [Docs. ##8, 25].

    The Court granted Microsoft's *Ex Parte* Application and scheduled a show cause hearing for February 16, 2010. [Docs. ##15, 17, 22].  The hearing was conducted telephonically for the benefit of the parties. [Id.].  The Court granted Microsoft's [Doc. #20] request to provide supplemental service via electronic delivery to address the Defendants' efforts to evade contact and conceal their identities. [Doc. #23].  The Court notes that Microsoft has complied with the Court's service order and has made service by both traditional and supplemental methods.  [Docs. ##24, 26].  The Court held a telephonic show cause hearing on February 16, 2010 at the time and in the manner specified in the Order to Show

Cause served on the Defendants as ordered by the Court.  The Defendants' failed to participate, but never expressed objection regarding the time or method of conducting the hearing.

At the hearing, Microsoft provided live testimony of Brian Hankard, private investigator with Pinkerton Consulting and Investigations' CyberSurveillance Group, and Peggy Crowley, Anti-Piracy Program Manager for Microsoft Learning's Certification and Assessments during the relevant time period and currently a senior paralegal for Microsoft.  In his testimony, Hankard detailed his purchase of products relating to "Microsoft SQL Server 2005" that were advertised and sold to him by the Defendants.  Hankard forwarded the items to Microsoft for analysis.  Crowley in turn described her personal examination of the materials purchased by Hankard, and determination that the Defendants' products were identical to various copyrighted Microsoft certification exam questions and answers.  Crowley also explained the extensive efforts that Microsoft and its partner company Prometric Services have taken to protect its copyrighted exam materials.

In addition, Microsoft's [8] Application for Ex Parte Relief asserted the following facts in support of its prayers for relief:  The Microsoft products which are the subject of this order are copyrighted and bear trademarks registered under federal law. [Doc. # 25, para. 16-17].  Microsoft uses technological measures to further secure the rights afforded by the aforementioned laws. [Id., para. 18].  The Defendants are offering, distributing, and selling Microsoft

products on the internet infringing upon Microsoft's copyright and trademark via multiple websites under multiple domains and registrants, which the Defendants have changed upon learning that Microsoft discovered their activities [Doc. # 25, para. 20; Doc. # 9, paras. 9-18; Doc. #10, paras. 9-28 ].

Authorized by Federal Rule of Civil Procedure 65(b), a plaintiff is entitled to a preliminary injunction when that party can demonstrate: "(1) irreparable harm in the absence of the injunction, and (2) either (a) likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor." Random House, Inc. v. Rosetta Books LLC, 283 F.3d 490, (2d Cir. 2002). The Second Circuit has noted that "generally when a copyright plaintiff makes out a prima facie showing of infringement, irreparable harm may be presumed." Merkos L'Inyonei Chinuch, Inc. v. Otsar Sifrei Lubavitch, Inc., 312 F.3d 94, 96 (2d Cir. 2002) (reviewing a district court's grant of preliminary injunction) (citations omitted). Furthermore, "[t]o prevail on a claim of copyright infringement, the plaintiff must demonstrate both (1) ownership of a valid copyright and (2) infringement of the copyright by the defendant." Yurman Design, Inc. v. PAJ, Inc., 262 F.3d 101, 18-09 (2d Cir. 2001). Similarly, "[i]n trademark disputes, 'a showing of likelihood of confusion establishes both a likelihood of success on the merits and irreparable harm.'" Malletier v. Burlington Coat Factory Warehouse Corp., 426 F.3d 532, 537 (2d Cir. 2005).

Upon hearing live testimony and review of the affidavits submitted,

Microsoft has provided evidence of the Defendants' past and continuing sale, via multiple websites, of unauthorized versions of copyrighted "Microsoft" Certification Exam materials, materials that Microsoft advertises and markets under, among other things, its registered Microsoft® marks. [Docs. ## 9-10]. Accordingly, the Plaintiff demonstrates a likelihood of success on the merits and irreparable harm may be presumed by the Plaintiff's showing that the Defendants' activities likely violate federal copyright law and are a use of Microsoft's mark that is likely to cause confusion, cause mistake, or deceive in violation of the Lanham Act.  Merkos, 312 F.3d at 96; Malletier,426 F.3d at 537.

Additionally, § 503(a) of the Copyright Act authorizes a court to order seizure and impoundment of "all copies. . . claimed to have been made or used in violation of the copyright owner's exclusive rights" and devices by means of which such copies may be reproduced.  Impoundment, pursuant to 17 U.S.C. § 503 is appropriate when a Plaintiff establishes a prima facie case of copyright infringement.  See U2 Home Entertainment, Inc. v, Bowery Music City, Inc., No. 3civ. 8909, WL 22889738 at *1 (S.D.N.Y, December 8, 2003).  Similarly, the Lanham Act authorizes a "seizure of goods and counterfeit marks involved in [a Lanham Act] violation and the means of making such marks, and records documenting the manufacture, sale or receipt of things involved in the violation." 15 U.S.C. § 1116.  The Eastern District of New York provides useful guidance:

> Where plaintiffs have shown that a danger exists of destroying or transferring infringing goods, courts in this Circuit have not hesitated to grant ex parte orders under either the Lanham Act or the Copyright Act.  Moreover, even if equipment may be used for a

>**legitimate purpose, it is not protected from seizure if it has been employed for the illegal purposes alleged. Though in ordinary cases orders that disrupt the status quo are frowned upon, in infringement cases the policy allowing ex parte seizure and impoundment is clear: "If notice is required, that notice all too often appears to serve only to render fruitless further prosecution of the action. This is precisely contrary to the normal and intended role of 'notice,' and it is surely not what the authors of the rule either anticipated or intended."**

**<u>Time Warner Entertainment Co., L.P. v. Does Nos. 1-2</u>, 876 F.Supp. 407, 410-411 (E.D.N.Y., 1994).**

**On the basis of the sum and substance of the sworn allegations and testimony regarding the Defendants' piracy operations, their refusal to cease and desist, their false claims of compliance in response to repeated demands by Microsoft as well as their reactive and defensive use of false contact information and multiple names, DBAs, and email addresses, and their switch to another service provider and employment of "WHOIS protection services" frustrating detection and avoiding compliance with trademark and copyright laws, the Court finds that there is a likelihood that the Defendants will render fruitless further prosecution of this action by transferring their domain names upon notice of this lawsuit secreting or transferring illicit funds and assets beyond the jurisdiction of this Court unless restrained by this Court pending a hearing on this matter. Further the Court finds that there is a real and substantial probability that Defendants will secrete or transfer beyond the Court's jurisdiction the Microsoft Certification Exam materials and domain names that are the subject of the Application for a Temporary Restraining Order.**

Based on its review of the materials submitted, testimony at the February 16, 2010 show cause hearing, and on the foregoing analysis, the Court enacts a preliminary injunction as follows:

(1) The Court enacts a preliminary injunction enjoining Defendants' distribution of Microsoft Certification Exam materials upon finding that plaintiff Microsoft has carried its burden of showing that the injunction is necessary to prevent irreparable harm, and has further demonstrated a likelihood of success on the merits, or, at the very least, sufficiently serious questions going to the merits of the claim, and that the balance of the hardships tips decidedly in its favor.

(2) The preliminary injunction is enacted pursuant to Federal Rule of Civil Procedure 65, 17 U.S.C. § 502, and 15 U.S.C. § 1116(a).

(3) The Court hereby RESTRAINS AND ENJOINS Defendants, and any persons or entities acting on their behalf, from advertising, distributing or selling any Microsoft Certification Exam materials or practice exam materials related to same.

(4) The Court hereby RESTRAINS AND ENJOINS the Defendants from transferring the offending domain names www.testinside.com, www.testinside.org, www.testinside.us, www.testinside.net, www.testinside.co.uk, www.testinside.ws, www.pass4side.com, www.pass4side.net, www.certinside.com, www.certinside.org,

www.certinside.net, www.exam4cert.com, www.exam4cert.biz, www.exam4cert.net, and www.exam4cert.org, pending further Order of the Court.

(5) This preliminary injunction shall remain in effect pending the disposition of this action or further order of this Court.  Defendants may apply to the Court for dissolution or modification of this Temporary Restraining Order on two court days' notice to Microsoft.

(6) The Court enacts an Impoundment Order upon finding that Plaintiff Microsoft has carried its burden of showing the injunction is necessary to prevent irreparable harm, and has further demonstrated a likelihood of success on the merits, or, at the very least, sufficiently serious questions going to the merits of the claim, and that the balance of the hardships tips decidedly in its favor.

(7) The Impoundment Order is granted pursuant to Federal Rule of Civil Procedure 65, 17 U.S.C. § 503(a), and 15 U.S.C. § 1116(a).

(8) The Court hereby RESTRAINS AND ENJOINS Defendants, and any persons or entities acting on their behalf, from transferring, removing or disposing of any Microsoft Certification Exam materials in their possession, custody or control, pending further Order of the Court.

(9) The Court hereby IMPOUNDS all Microsoft Certification Exam materials, and purported Microsoft practice exam materials, in the possession, custody or control of Defendants and/or their agents and service providers. Defendants are

further ORDERED to identify in writing to plaintiff's counsel, the location or locations of all such materials.

(10) This Impoundment Order shall remain in effect pending the disposition of this action or further order of this Court. Defendants may apply to the Court for dissolution or modification of this Impoundment Order on two court days' notice to Microsoft.

(11) Microsoft has filed proof of bond in the amount of $20,000.00. [Doc. #19]. The bond, absent further order from the Court, shall serve as security for all claims with respect to this preliminary injunction and Impoundment Order.

(12) The Plaintiff shall proceed with the prosecution of this case.

Signed this 18th day of February, 2010, at 1:30 p.m.

_____/s/_____
Hon. Vanessa L. Bryant
United States District Judge