UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
11 JUL -1 P 4:08
US DISTRICT COURT
HARTFORD CT

MICROSOFT CORPORATION,

Plaintiff

-v-

JUN YAN a/k/a YAN JUN, et al.,

Defendants.

CIVIL ACTION NO.
3:10cv162 (VLB)

~~October __, 2010~~ July 1, 2011

## ORDER AND DEFAULT JUDGMENT

This action came for consideration before the Honorable Vanessa L. Bryant, U.S.D.J., as a result of the motion for default judgment filed by the plaintiff, MICROSOFT CORPORATION ("Microsoft" or "Plaintiff"), against defendants JUN YAN a/k/a YAN JUN, an individual; JACK LEE, an individual; FANG JIANG a/k/a JIANG FANG, an individual; AIMIN SUN a/k/a SUN AIMIN, an individual; YAN JIARONG a/k/a JIARONG YAN, an individual; GU HANBING a/k/a HANBING GU, an individual; JIANG WEN YUAN; a/k/a WEN YUAN JIANG, an individual; YU NI a/k/a NI YU, an individual; JACK DANG, an individual; RAPHAEL HUA, an individual; XIAO JUN LEE a/k/a LEE HYO-ARMY a/k/a LI XAOU JUN;, an individual; MARTIN WANG, an individual; JIANXIAO BAO a/k/a BAO JIANXIAO, an individual; LIANG DANG a/k/a DANG LIANG, an individual; ZICHEN, an unincorporated association; TESTINSIDE a/k/a TESTINSIDE LIMITED a/k/a TESTINSIDE CO. LTD, an unincorporated association; and JOHN DOES 17-50, each one and collectively d/b/a Testinside, testinside.com, testinside.org, testinside.us, testinside.net, testinside.co.uk, testinside.ws, pass4side.com,

pass4side.net, certinside.com, certinside.org, certinside.net, exam4cert.com, exam4cert.biz, exam4cert.net, and exam4cert.org (collectively, "Defendants").

On October 7, 2010 [doc. # 54], the Court entered a default against Defendants. The Court further ordered that a motion for default judgment be filed by November 6, 2010. Defendants have failed to appear, respond to the complaint, or otherwise defend this action. As such, the factual allegations of Microsoft's Amended Complaint are deemed established against Defendants. Additionally, the Court finds that Microsoft is entitled to Judgment on the counts asserted in the Amended Complaint, and that Microsoft is entitled to relief as set forth herein.

THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED:

1. The Court finds that Defendants have:

   a) willfully infringed Microsoft's rights in the following 93 federally registered copyrights, in violation of 17 U.S.C. § 501:

| | | | | | |
|---|---|---|---|---|---|
| TX 5-365-453 | TX 5-822-899 | TX 6-518-889 | TX 5-365-458 | TX 6-288-475 | TX 6-518-888 |
| TX 6-399-395 | TX 5-822-900 | TX 6-574-619 | TX 5-365-459 | TX 6-399-400 | TX 6-897-767 |
| TX 6-416-020 | TX 5-822-903 | TX 6-976-532 | TX 6-288-471 | TX 6-976-536 | TX 6-976-525 |
| TX 6-304-959 | TX 5-822-901 | TXu 1-369-929 | TX 6-288-469 | TX 6-309-888 | TX 6-895-512 |
| TX 6-309-886 | TX 5-883-237 | TX 6-976-301 | TX 5-365-438 | TX 6-420-110 | TX 6-895-550 |
| TX 5-365-443 | TX 5-901-868 | TX 7-032-880 | TX 6-365-460 | TX 6-311-496 | TX 6-895-515 |
| TX 6-288-472 | TX 5-901-867 | TX 7-032-897 | TX 6-895-522 | TX 6-399-398 | TX 6-309-894 |
| TX 5-365-445 | TX 5-901-873 | TX 7-032-872 | TX 6-897-755 | TX 6-574-620 | TX 6-309-893 |
| TX 5-365-442 | TX 5-901-871 | TX 6-599-533 | TX 5-894-835 | TX 6-574-621 | TX 6-309-892 |
| TX 5-365-457 | TX 5-822-902 | TX 6-425-600 | TX 6-288-474 | TX 6-897-743 | TX 6-309-891 |
| TX 5-790-348 | TX 5-803-559 | TX 6-551-677 | TX 6-072-499 | TX 6-897-799 | TX 6-309-890 |
| TX 5-365-461 | TX 5-901-872 | TX 6-596-101 | TX 6-072-501 | TX 6-897-776 | TX 6-309-889 |
| TX 5-365-446 | TX 5-901-870 | TX 6-596-099 | TX 5-894-834 | TX 6-399-394 | TX 6-399-399 |
| TX 5-365-447 | TX 5-901-869 | TX 6-596-100 | TX 6-072-500 | TX 6-399-396 | TX 6-309-887 |
| TX 5-365-448 | TX 5-883-238 | TX 6-551-676 | TX 5-822-904 | TX 6-399-397 | TX 6-895-544 |
| TX 5-365-450 | TX 6-288-473 | TX 6-518-887 | | | |

(the "Copyrighted Microsoft Certification Exams").

    b)    willfully infringed Microsoft's rights in the following federally registered trademark and service mark, in violation of 15 U.S.C. § 1114:

        i)    1,200,236 ("MICROSOFT");

        ii)    1,684,033 ("MICROSOFT");

    c)    committed and is committing acts of false designation of origin, false or misleading description of fact, reverse passing off, and false or misleading representation against Microsoft, in violation of 15 U.S.C. § 1125(a); and

    d)    otherwise injured the business reputation and business of Microsoft by the acts and conduct set forth in the Amended Complaint.

2.    The Court now makes permanent its previous preliminary injunction enjoining Defendants' distribution of Copyrighted Microsoft Certification Exam materials upon finding that liability has been established and there is a threat of continuing infringement.

3.    This permanent injunction is enacted pursuant to 17 U.S.C. § 502, and 15 U.S.C. § 1116(a).

4.    The Court hereby permanently RESTRAINS AND ENJOINS Defendants, and any persons or entities acting on their behalf, from advertising, distributing or selling any Microsoft Certification Exam materials or practice exam materials related to same.

5.   The Court previously impounded Defendants' domain names[1] pursuant to 17 U.S.C. § 503(a) as articles by means of which infringing copies may be reproduced.  The Court now orders the reasonable disposition of those domain names as part of this final judgment decree, pursuant to 17 U.S.C. § 503(b).  Specifically, the Domain Names and their corresponding registrations shall be transferred to Microsoft.  This Order directs the Defendants' registrars to transfer the Domain Names to Microsoft; and directs all corresponding domain name registries, at the request of Microsoft, to change the registrar of record for any Domain Name(s) that is/are at issue to a registrar of Microsoft's choosing, and the receiving registrar shall comply with this Order and facilitate the transfer of the Domain Name(s) to Microsoft.

6.   The Court finds, and hereby enters Judgment, that, pursuant to 17 U.S.C. § 504(c), Defendants are liable for and shall pay to Microsoft statutory damages in the amount of $13,950,000, calculated as follows:

- willful statutory damages of $150,000 for each of Microsoft's ninety-three (93) copyrights at issue,

the Court having found that, based on Defendants' repeated infringement of Microsoft's intellectual property rights for financial gain despite being on notice, and in light of the rebuttable presumption of willfulness based on Defendants' submission and use of false domain name registration information, an award of

---

[1] The domain names impounded include: www.testinside.com, www.testinside.org, www.testinside.us, www.testinside.net, www.testinside.co.uk, www.testinside.ws, www.pass4side.com, www.pass4side.net, www.certinside.com, www.certinside.org, www.certinside.net, www.exam4cert.com, www.exam4cert.biz, www.exam4cert.net, and www.exam4cert.org (the "Domain Names").

statutory damages equal to the maximum amount available for willful infringement is appropriate;

7.  The Court previously entered a preliminary injunction restraining and enjoining Defendants, and any persons or entities acting on their behalf – including but not limited to certain financial institutions and third parties identified in that Order – from transferring, disposing of, encumbering or secreting certain accounts/assets in the name of or linked to or associated with the Defendants and/or the Domain Names. That Order was entered pursuant to Federal Rule of Civil Procedure 65, the Court's general equitable power, 15 U.S.C. § 1116(a); 15 U.S.C. § 1117(a); 17 U.S.C. § 502; and 17 U.S.C. § 504(b).

8.  The Court now finds that Microsoft is entitled to a final equitable order disgorging Defendants' profits, and hereby orders, pursuant to 15 U.S.C. § 1117(a) and the Court's general equitable power, that Defendants' illicit profits – held pursuant to the preliminary injunction or otherwise within the control of Defendants' payment processors, financial institutions, or other third parties – be disgorged and turned over to Microsoft in satisfaction of Microsoft's claims under the Lanham Act.

9.  The Court further finds that Defendants are liable for and shall pay to Microsoft the costs of this action and $78,692.42, representing the reasonable attorney's fees incurred by Microsoft in prosecuting this action, as demonstrated by counsel's declaration.

10. The Court hereby orders and decrees that Microsoft is entitled to the orders and relief provided herein, and that JUDGMENT is and shall be entered in

favor of Plaintiff against Defendants in the amount of $13,578,692.42 and otherwise on the terms set forth herein.

**IT IS SO ORDERED.**

DATED: July 1, 2011

/s/ Vanessa L. Bryant, USDJ

Vanessa L. Bryant, U.S.D.J.